UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JAMES F. McCARTHY,**

       **Plaintiff,**               **CIVIL ACTION NO. 12-CV-10213**

   vs.                         **DISTRICT JUDGE DAVID M. LAWSON**

                       **MAGISTRATE JUDGE MONA K. MAJZOUB**

**STATE OF MICHIGAN BY AND
THROUGH BUREAU OF CONSTRUCTION
CODES
and
US DEPARTMENT OF LABOR BY AND
THROUGH RUSSEL DAVIS, APPRENTICE
OFFICE,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff James F. McCarthy filed this action in Genessee County Circuit Court for violations of the 14th Amendment of the United States Constitution alleging that Defendants, The State of Michigan Bureau of Construction Codes ("SMBCC") and United States Department of Labor ("USDOL"), have discriminated against the electrical and plumbing trades by requiring compliance with the USDOL Apprenticeship Program. (Docket no. 1 at 4; Docket no. 16 at 1-2.) The USDOL removed the case to this Court pursuant to 28 U.S.C. § 1446 on January 18, 2012. (Docket no. 1 at 1-2.) Plaintiff filed an Amended Complaint on February 28, 2012. (Docket no. 16.)

Before the Court are Defendants' Motions to Dismiss (docket nos. 25 and 27). Plaintiff filed a single response to Defendants' Motions. (Docket no. 30.) Defendant USDOL filed a Reply to Defendant's Response. (Docket no. 31.) All pretrial matters have been referred to the undersigned

for consideration. (Docket no. 8.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[1]

## I. Recommendation

For the reasons that follow, the Court recommends granting Defendants' Motions to Dismiss (docket nos. 25 and 27). Therefore, the Court recommends dismissing this case in its entirety, with prejudice.

## II. Report

### A. Facts

Plaintiff holds Michigan contracting licenses in the electrical and mechanical trades. (Docket no. 16 at 1.) As part of his business, it appears that Plaintiff conducts training programs within each of these trades. (*See id.*) For years, Plaintiff conducted these training programs without incident. (*See id.*) Recently, however, Plaintiff has been asked by Defendants to comply with the "equivalency provision" of the Michigan Electrical Administrative Act.[2] (*See id.*; *see also* docket no. 27 at 14-15.) Until 2008, Defendant SMBCC was enjoined from enforcing this provision. (Docket no. 28 at 15 (citing *Assoc. Builders & Contractors v. Dep't. of Labor and Econ. Growth*, 543 F.3d 275 (6th Cir. 2008).)

Plaintiff contends that the SMBCC requirement singles out two trades, electrical and

---

[1]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

[2]The equivalency provision of the Act requires "[a] person seeking registration as an electrical apprentice . . . to provide the [Electrical Administrative Board] with satisfactory proof of participation in a bona fide apprenticeship training program . . . [that] meet[s] the requirements imposed by the [USDOL]." (Docket no. 27 at 14-15 (citing Mich. Comp. Laws 338.883(e)(2).)

plumbing, from the "nearly 1,000 trades that can have apprentice programs" under USDOL guidelines and, therefore, it violates the Fourteenth Amendment. (Docket no. 16 at 1.) Plaintiff's argument is based on two allegations: (1) Defendant USDOL has pressured him to conform to this requirement in the electrical trade, but he has received "no such treatment in the Mechanical Trade;" and (2) Defendants' "sudden enforcement comes into (sic) the midst of existing training programs." (*Id.*) Plaintiff argues that Defendant SMBCC "implemented the . . . program without regard to existing programs, and the persons participating therein, or the status of any of the participants." (*Id.* at 2.)

Plaintiff alleges that Defendant USDOL has "brought pressure to bear by requesting [Plaintiff] to commit fraud in the area of payroll record keeping . . . not once but twice" and that Defendant USDOL's "intense effort to separate workers into classes for undue treatment" violates the Fourteenth Amendment. (*Id.*) Plaintiff asserts that this violation "requires the participants in existing programs, to locate, sign up for, pay for, and take almost 600 hours of college training in related subject areas, [and] is an unfair burden to those in existing programs." (*Id.* at 1.) Additionally, Plaintiff alleges that Defendant SMBCC's actions "inflicted hardship on numerous persons, most specifically four persons in [his] training program," which cost them "the exclusion of up to 1,000 hours of training already achieved[,] the cost of the college training, and the loss of work hours while in the college program." (*Id.* at 2.) Again, Plaintiff argues that SMBCC's actions violate the Fourteenth Amendment. (*Id.*) Plaintiff requests monetary damages in the amount of $750,000 against each Defendant and an injunction against Defendants' application of the Apprentice Program. (*Id.*)

  **B.**  **Standards of review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

4

To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### C. Analysis

#### 1. Defendant USDOL's Motion to Dismiss

Defendant asserts that Plaintiff's Complaint must be dismissed for lack of subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1). (Docket no. 25 at 9.) Specifically, Defendant argues that (1) Plaintiff's claims against Defendant USDOL are barred by the doctrine of soveriegn immunity, (2) Plaintiff has failed to meet the requirements of the Federal Tort Claims Act; and (3) Plaintiff's claims are barred by the doctrine of qualified immunity. (*Id.* at 10, 12-14.) Additionally, Defendant contends that even if Plaintiff can show that the Court has jurisdiction over his claims, Plaintiff has failed to state a claim for relief, and his claims should be dismissed under Fed.R.Civ.P. 12(b)(6).

Fed.R.Civ.P. (8) requires "a short plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction an the claim needs no new jurisdictional support." Fed.R.Civ.P. 8(a)(1). As Plaintiff notes, "[t]his case was removed by the defendant;" thus, the Court will not fault Plaintiff based on this technical pleading requirement. Nevertheless, the burden remains on Plaintiff to establish the Court's grounds for subject-matter jurisdiction. *See Kokkonen v. Guardian Live Ins. Co*, 511 U.S. 375, 377 (1994).

##### a. Sovereign Immunity

It is axiomatic that the United States enjoys sovereign immunity from suit unless Congress has explicitly waived its immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Sovereign

immunity is jurisdictional in nature; therefore the district court is devoid of jurisdiction to hear any claim brought against the federal government unless it has consented to be sued. *Id.* Any waiver of sovereign immunity must be clearly and unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The scope of any waiver of sovereign immunity is to be strictly construed in favor of the sovereign. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).

Plaintiff's Complaint names "US Department of Labor By and Through Russell Davis Apprentice Office." (Docket no. 1; Docket no. 16.) "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citations omitted). Thus, "a suit for monetary damages against an individual in his or her official capacity is deemed to be an action against the state." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir.2004) (citation omitted). Therefore, Plaintiff's Complaint is against the United States, even if Davis is nominally named as a party.

Defendant claims that it "has not waived immunity from suit for monetary damages . . . [n]or has [it] waived immunity from suit for constitutional claims. (Docket no. 25 at 11-12.) Plaintiff merely claims that "I have standing in courts in this country because such is granted to me in the first amendment." (Docket no. 30 at 3.) Plaintiff does not draw the Court's attention a waiver of sovereign immunity in his Complaint or in his Response. Moreover, the Court is aware of no such waiver for claims arising out of Plaintiff's allegations. Plaintiff's claims are Constitutional claims to the extent that they allege a violation of the Fourteenth Amendment. Therefore, the Court recommends dismissing Plaintiff's claims against Defendant USDOL under the doctrine of sovereign immunity.

    **b.**  **Federal Tort Claims Act**

To the extent that Plaintiff's claims can be construed as tort claims requesting injunctive relief,[3] the FTCA requires that a plaintiff properly exhaust his administrative remedies before a civil action is instituted. 28 U.S.C. § 2675(a). Actions filed prematurely must be dismissed for lack of subject-matter jurisdiction. *McNeil v. United States*, 508 U.S. 106 (1993); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) (stating that a valid administrative claim is an absolute requirement for bringing suit). To properly exhaust, a plaintiff must present an administrative claim to the responsible federal agency before the initiation of the suit. 28 U.S.C. § 2675(a).

Defendant USDOL asserts that Plaintiff has not filed an administrative claim concerning the issues raised in his Complaint. (Docket no. 12 at 7-8.) Plaintiff has not disputed this assertion. Therefore, Plaintiff's claim against the USDOL should be dismissed for lack of subject matter jurisdiction.[4]

###         c.    Failure to State a Claim

Defendant asserts that even if the Court has subject matter jurisdiction, Plaintiff's Complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) because Plaintiff has failed to state a claim against Defendant USDOL. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (emphasis removed, citation omitted). Even so, the Court agrees with Defendant; Plaintiff's complaint is not "enough to raise a right to relief above the speculative level."

---

[3] *See Johnson*, 357 F.3d at 545 n.1 (stating that a plaintiff avoids the bar of sovereign immunity by suing for prospective injunctive relief rather than monetary damages).

[4] Because the Court recommends dismissing Plaintiff's claims for lack of subject-matter jurisdiction on other grounds, the Court will not address Defendant's assertion of qualified immunity.

*Bell Atlantic Corp*, 550 U.S. at 555.

Plaintiff's Complaint against Defendant USDOL is set forth in its entirety over six paragraphs. (Docket no. 16 at 1-2.) Setting aside, as the Court must, pleadings that are no more than mere conclusions, Plaintiff's Complaint states the following: (1) Defendant USDOL lists nearly 1,000 trades that can have apprenticeship programs; (2) Plaintiff holds contracting licenses in the electrical and mechanical trades; (3) Plaintiff has been asked to conform to new standards in the electrical trade but not in the mechanical trade; (4) the new enforcement comes in the midst of existing training programs; and (5) the new enforcement requires participants to sign up for and pay for additional college training courses. (*See* docket no. 16 at 1-2.) These allegations do not "plausibly give rise to an entitlement to relief." As argued by Defendant, "Plaintiff's complaint thus fails to identify any actions or policies whereby [Defendant USDOL] provided different treatment to specific classes of trades or apprenticeships." (Docket no. 25 at 16.) Therefore, the Court recommends dismissing Plaintiff's claims against Defendant USDOL on their merits.

### 2. Defendant SMBCC's Motion to Dismiss

Defendant SMBCC argues that Plaintiff's Complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) for lack of standing.[5] (Docket no. 27 at 17.) "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *See Steel Co.,* 523 U.S. at 102 (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Standing, at a minimum, requires a plaintiff establish the existence of three elements: (1) injury in fact, "a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical;" (2) causation, "a fairly traceable

---

[5]Plaintiff's Motion, however, will be considered under Fed.R.Civ.P. 12(b)(1) because standing is a "threshold jurisdictional question." *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998).

8

connection between the plaintiff's injury and the complained-of conduct of the defendant;" and (3) redressability, "a likelihood that the requested relief will redress the alleged injury." *Id.* (internal quotations and citations omitted).

Plaintiff's Complaint against Defendant SMBCC is set forth in its entirety over three paragraphs. (Docket no. 16 at 2.) Again, setting aside pleadings that are no more than mere conclusions, Plaintiff's Complaint against SMBCC states the following: (1) Defendant SMBCC implemented the apprenticeship program by announcement through "a State Threat letter;" and (2) that Defendant SMBCC's actions "inflicted hardship on numerous persons, most specifically four persons in my training program," which hardship included the loss of training hours, training costs, and loss of work hours. (*Id.*) Defendant asserts that Plaintiff "is not asserting his own legal rights," and therefore, Plaintiff has failed to show that *he* has suffered any injury in fact. (Docket no. 27 at 19-20.)

The Court agrees with Defendant. In his Response, Plaintiff reaffirms that the "[a]ffects (sic) of the unequal treatment under the law will cost my five trainees up to 1,000 hours of training already achieved, considerable money in paying for college classes, lost hours at work while in college, and loss of personal esteem of peers who did not have to undertake such programs." (Docket no. 30 at 2-3.) As noted, Plaintiff argues that "I have standing in courts in this country because such is granted to me in the first amendment." (*Id.* at 3.) Such an argument is insufficient to meet Plaintiff's burden of showing an injury in fact. Therefore, the Court recommends dismissing Plaintiff's complaint against Defendant SMBCC.

### D.     Conclusion

For the above-stated reasons, the Court recommends granting Defendants' Motions to

Dismiss (docket nos. 25 and 27). Therefore, the Court recommends dismissing this case in its entirety, with prejudice.

### III.     Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 7, 2012                    s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

  I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated: December 7, 2012      s/ Lisa C. Bartlett
                   Case Manager