UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES F. MCCARTHY,

        Plaintiff,

v.

        Case Number 12-10213
        Honorable David M. Lawson

STATE OF MICHIGAN, UNITED STATES
DEPARTMENT OF LABOR, and RUSSELL
DAVIS,

        Defendants.
_____/

### OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING CASE

The plaintiff filed a *pro se* complaint in the Genessee County, Michigan circuit court alleging violations of the Fourteenth Amendment of the United States Constitution. McCarthy contends that the State of Michigan Bureau of Construction Codes ("SMBCC") and the United States Department of Labor ("USDOL") have discriminated against the electrical and plumbing trades by requiring compliance with the USDOL Apprenticeship Program. The USDOL removed the case to this Court on January 18, 2012. The case was referred to Magistrate Judge Mona K. Majzoub to conduct all pretrial proceedings. Thereafter, USDOL and SMBCC filed motions to dismiss. On December 7, 2012, Judge Majzoub filed a report recommending that the motions be granted. She found that sovereign immunity barred the lawsuit against USDOL, the plaintiff did not comply with the administrative requirements of the Federal Tort Claims Act, and the complaint failed to state a claim; and she concluded that the plaintiff lacked standing to press his claim against SMBCC. The plaintiff filed timely objections and both defendants responded, and the matter is before the Court for fresh review. The Court has considered the report and recommendation, the

motions to dismiss, the response, and all related papers in light of the objections filed and now concludes that the doctrine of sovereign immunity bars the plaintiff's lawsuit, and the plaintiff lacks standing to proceed against the State defendant. Therefore, the Court will grant the motions to dismiss.

**The plaintiff's claims**

After the case was removed to this Court, the plaintiff filed an amended complaint. The magistrate judge summarized the two-page pleading as addressing USDOL regulations that apply to apprenticeship programs. The plaintiff says he is a licensed tradesman in electrical and mechanical contracting. He alleges that he has been pressured by both defendants to comply with the regulations governing apprentice training programs for electrical and plumbing trades, whereas other mechanical trades are not required to comply. He says the unevenness of the regulations violates the Equal Protection. He also says the regulations burden his five apprentice program members, who apparently may lose credit for training hours, incur costs for college programs, and will lose work hours while taking college training. The plaintiff asks for $750,000 against each defendant, and an injunction preventing the USDOL from enforcing the regulations and prohibiting the State defendant from implementing the apprenticeship training program.

**Magistrate judge's report and recommendation**

The magistrate judge suggested that the plaintiff's suit against USDOL faced three insurmountable obstacles. First, she suggested that sovereign immunity barred the lawsuit. The case against a United States agency and the director of a program office in his official capacity amounts to a suit against the United States. The United States cannot be sued unless it consents to the suit. *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S.

584, 586 (1941)). The plaintiff has not shown such consent. The magistrate judge acknowledged that in the Federal Tort Claims Act (FTCA), the United States consented to suits against the government under certain conditions. 28 U.S.C. § 2674. One such condition is that the plaintiff apply for relief administratively *before* resorting to litigation in court. 28 U.S.C. § 2401(b). The magistrate judge suggested that the plaintiff never applied for administrative relief, so the FTCA was no help to him. Finally, the magistrate judge determined that the complaint itself did not make out an equal protection claim against the USDOL, even if the merits of the case could be reached.

The plaintiff's case against SMBCC faired no better, but for different reasons. The thrust of the amended complaint is that the State's apprenticeship program now requires certain obligations that unduly burden five people whom the plaintiff is training. Even if that is true, the magistrate judge concluded that this plaintiff may not assert the rights of others, and he has no standing in this Court to make the claim for his trainees.

**The plaintiff's objections**

The plaintiff filed three objections to the magistrate judge's report and recommendation, none of which actually address the legal obstacles identified by the magistrate judge. First, he states that he filed the case in Genesee County because that is where the "alleged affronts were committed." Pl.'s Obj. at 1. He disagrees with the tactic of removing the case to this Court, which he characterizes as a procedural maneuver, because Genesee County is a court of competent jurisdiction.

Second, the plaintiff states that he regards sovereign immunity as "a shield to allow [government] agencies to commit violations of the [l]aw." *Ibid.* Nonetheless, the plaintiff

recognizes defendant Davis was acting "in the shoes of his entity" (the United States) and that this action is against that entity. *Id.* at 1-2.

Third, the plaintiff states that he attempted to exhaust his administrative remedies in several ways: by providing a copy of the complaint in this case to the United States Department of Justice; by writing to the Michigan attorney general; and by sending a letter to the Michigan Bureau of Constructions Codes director. He says that the Department of Justice called him and left a message indicating that they do not handle such cases against other governmental agencies, and that if he wanted to get "noticed," he would have to bring this action. *Ibid*. The Michigan attorney general "wrote a letter to say they will not be interested in this case." *Ibid.* His letter to the bureau director was "ignored." *Ibid.*

The plaintiff summarizes his objections by making several more assertions, including: (1) the defendants never addressed the allegations of the action, (2) the defendants' attempts to create a "jurisdictional/standing" issue are rejected, (3) administrative remedies were "totally rebuffed, requiring this action," (4) people have the right "to petition the government for a redress of grievances," and (5) the Fourteenth Amendment provides equal protection of the law. *Ibid.* The plaintiff asks the Court to send this case "back to Genesee County Circuit Court for trial" and deny the "petitions for dismissal." *Ibid.*

**Discussion**

Objections to a magistrate judge's report and recommendation require the Court to give a fresh look to the legal questions identified by the objections. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). But the objections must be specific and clear. The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The first objection suggests a challenge to the propriety of removing the case from state court. The plaintiff has not identified any specific defect in the removal and has not filed a motion to remand. Section 1441(a), Title 28 of the United States Code states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Federal courts have jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and such a case may be removed by the defendant if the complaint is based on federal law. *See* 28 U.S.C. § 1441(a).

Federal courts use the "well-pleaded complaint" rule to determine "arising under" jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000). That rule says that "'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

properly pleaded complaint.'" *Ibid.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Generally speaking, a case "arises under" federal law if the "cause[ ] of action [is] created by federal law, that is, where federal law provides a right to relief." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (citations omitted); *see also American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (holding that "[a] suit arises under the law that creates the cause of action"); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 838 (1986) (observing that the "'vast majority' of cases that come within [section 1331's] grant of jurisdiction are covered by Justice Holmes' statement [in *American Well Works*]")). Here, it is clear from the plaintiff's complaint, and from USDOL's notice of removal, that this action arises, and was removed to this Court, under the Fourteenth Amendment.

In addition, 28 U.S.C. § 1442 allows any agency of the United States to remove a civil action to the district court of the United States. 28 U.S.C. § 1442(a)(1). The Department of Labor is such an agency. There is no defect in the removal of the case to federal court.

In the second objection, the plaintiff takes issue with the concept of sovereign immunity. He cannot win that battle. "It long has been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Testan*, 424 U.S. at 399 (quoting *Sherwood*, 312 U.S. at 586). Unless the plaintiff can show a waiver of sovereign immunity, a complaint brought against the United States must be dismissed for lack of subject matter jurisdiction. *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012). To show such waiver, the plaintiff must identify a specific statutory provision that waives sovereign immunity. *Sherwood*,

312 U.S. at 590; *Lane v. Pena*, 518 U.S. 187, 192 (1996) (finding that a waiver of sovereign immunity by the federal government will not be implied, but rather must be "unequivocally expressed" in statutory text); *see also United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). Even when Congress enacts a statute that waives federal sovereign immunity in some circumstances, courts mus construe such a waiver "strictly in favor of the sovereign" and "not enlarge the waiver 'beyond what the language requires.'" *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986) (citation omitted); *see Lane*, 518 U.S. at 192; *see also United States v. Williams*, 514 U.S. 527, 531 (1995) (when confronted with a purported waiver of federal sovereign immunity, the court will "constru[e] ambiguities in favor of immunity").

The lawsuit against the USDOL and defendant Russel Davis in his official capacity certainly is a lawsuit against the government. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The plaintiff has acknowledged as much. Yet he has not made any effort to demonstrate how he can overcome sovereign immunity by government waiver or otherwise. He does not invoke the Federal Tort Claims Act or any other legislation that authorizes suits against the government. Instead, his objections are conceptual and non-specific, expressing frustration toward the government's immunity in general. That will not save his case.

The third objection is that the plaintiff tried to obtain relief through correspondence before filing this case. Perhaps he did. But that does not solve the problem of sovereign immunity. And it does not address the issue of standing, which the plaintiff references in the summary section of his objections. His case against SMBCC is based entirely on the harm done to others, not himself. Because he has not alleged a harm to himself that was caused by SMBCC, which could be redressed by this Court, he has not established "standing" to sue. *Barnes v. City of Cincinnati*, 401 F.3d 729,

739 (6th Cir. 2005) ("To establish Article III standing, a litigant must show (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury will likely be redressed by a favorable decision." (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992))). The Supreme Court has stated that the standing requirement "limits federal court jurisdiction to actual controversies so that the judicial process is not transformed into 'a vehicle for the vindication of the value interests of concerned bystanders.'" *Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002) (quoting *Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982)). As a prudential concern, the Supreme Court has held that a plaintiff must "assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citations omitted).

**Conclusion**

The plaintiff has not addressed adequately any of the concerns cited by the magistrate judge that prevents this case from going forward. For the reasons discussed above, this case must be dismissed.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #41] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt #42] are **OVERRULED**.

It is further **ORDERED** that the defendants' motions to dismiss [dkt #25, 27] are **GRANTED**.

It is further **ORDERED** that the complaint and the amended complaint are **DISMISSED WITH PREJUDICE**.

                                        s/David M. Lawson  
                                        DAVID M. LAWSON  
                                        United States District Judge

Dated: March 8, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 8, 2013.

                              s/Deborah R. Tofil  
                              DEBORAH R. TOFIL

---